UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |  |
|---|---|---|---|
| | ) | | |
| **UNITED STATES OF AMERICA** | ) | | |
| | ) | | |
| **v.** | ) | No. | 26-cr-10133-LTS |
| | ) | | 26-cr-10115-LTS |
| | ) | | |
| **NICOLO NOURAFCHAN** | ) | | |
| **LORENZO NOURAFCHAN** | ) | | |
| | ) | | |

## ASSENTED-TO JOINT MOTION TO MODIFY CONDITIONS OF RELEASE

Defendants Nicolo Nourafchan and Lorenzo Nourafchan, by and through undersigned counsel, jointly and with the assent of the Government, respectfully move this Honorable Court to modify certain conditions of release previously imposed in the above-captioned matters.

Specifically, the parties jointly request that the Court modify Paragraphs 7, 11, and 21 of each defendant's conditions of release, and strike Paragraph 22, as set forth below.

### I.      Modification of Paragraph 7.

The parties jointly request that Paragraph 7 of Defendant Nicolo Nourafchan's conditions of release be modified to state:

> Avoid all contact, directly or indirectly (including by any electronic means), with any known co defendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present: Lorenzo Nourafchan (defs brother) - do not discuss case

The parties jointly request that Paragraph 7 of Defendant Lorenzo Nourafchan's conditions of release be modified to state:

> Avoid all contact, directly or indirectly (including by any electronic means), with any known co defendants except in the presence of counsel. Notwithstanding this provision, you may have contact with the following codefendants without your counsel present: Nicolo Nourafchan (defs brother) - do not discuss case

### II.     Modification of Paragraph 11.

The parties jointly request that Paragraph 11 of both defendants' conditions of release be modified to state:

> Do not sell, transfer, or give away any asset valued at $10,000 or more without notifying and obtaining permission from the Court, except for attorney fees. Under this provision, Defendant Lorenzo Nourafchan is authorized to make attorneys' fee payments that exceed $10,000 in connection with his own legal representation, as well as his brother Nicolo Nourafchan's legal representation. Defendant Lorenzo Nourafchan is authorized to make attorneys' fees payments directly to his own counsel or directly to counsel for Nicolo Nourafchan.

## III.    Modification of Paragraph 21.

The parties jointly request that Paragraph 21 of both defendants' conditions of release be modified to state:

> Possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that you disclosed to Supervising Agency upon commencement of supervision. You must disclose any new devices, accounts, application, passwords, or passcodes to Supervising Agency prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit digital data. Defendant is permitted to obtain a newly set-up email address and electronic device (including a cellphone and/or laptop) for the sole purpose of facilitating confidential communications with counsel for the Defendant or other attorneys working jointly with Defendant's counsel. Defendant must identify and disclose any email accounts, phone numbers, messaging applications, and electronic devices that will be used for purposes of transmitting attorney-client communications to Pretrial Services. Pretrial Services shall not review any attorney-client communications.
>
> In order to determine compliance, you agree to submit to a search of your person and property, including digital devices (hereinafter, "compliance review"), by Supervising Agency, i.e., Pretrial Services. Any such compliance review shall be limited to content from the date of the Defendant's arrest onwards. Pretrial Services is not permitted to review historical content pre-dating the Defendant's arrest. You, the Defendant, also agree that Pretrial Services may confer, as necessary, with counsel for the government should any compliance review reveal potential violations of any of the Defendant's conditions of release, including that the Defendant not commit any local, state, or federal crime.

## IV.    Modification of Paragraph 22.

The parties jointly request that Paragraph 22 of both defendants' conditions of release be

stricken.

The requested modifications are jointly proposed by the parties, are narrowly tailored to permit appropriate family contact, payment of legal fees, and to protect attorney-client communications, and will not undermine the purposes of pretrial release.

**V.      Collateral (Lorenzo Nourafchan).**

Finally, the parties jointly request that this Honorable Court permit Defendant Lorenzo Nourafchan to post the same Marina Del Rey, CA property currently listed in connection with Nicolo Nourafchan's secured bond in place of the San Francisco property he previously posted. The Marina Del Rey property has more than $3 million in equity and is sufficient to secure the bonds of both defendants. The parties further agree that, should either defendant violate his conditions of release and have his bond revoked, the other defendant shall promptly provide a substitute asset, whether cash or property, of equal value to secure his respective bond.

**WHEREFORE**, Defendants Nicolo Nourafchan and Lorenzo Nourafchan respectfully request that this Honorable Court allow this joint assented-to motion and modify their conditions of release as set forth above.

Respectfully submitted,

Nicolo Nourafchan,
By his attorney,

**/s/ Martin G. Weinberg**
Martin G. Weinberg
Mass. Bar No. 519480
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Lorenzo Nourafchan,
By his attorneys,

**/s/ Steven C. Boozang**
Steven C. Boozang
Mass. Bar No. 659216
490 Washington Street
Dedham, MA 02026
(781) 251-9991

## CERTIFICATE OF SERVICE

I, Martin G. Weinberg, hereby certify that on this date, May 19, 2026, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Martin G. Weinberg**
Martin G. Weinberg